HENKEN v. MONAGHAN et al.

(Supreme Court, General Term, Second Department.    December 12, 1892.)

EQUITY—RESCISSION—MENTAL CAPACITY—QUESTION FOR JURY.

In an action to set aside an instrument revoking the appointment of plaintiff as beneficiary under a life insurance policy, and appointing defendant instead, on the ground of deceased's mental incapacity to make the same, where the attending physician testified against her capacity, and two old acquaintances testified that deceased was unable at the time to recognize them, the question of capacity was for the jury, and it was error to direct a verdict for defendant.

Appeal from circuit court, Kings county.

Action by Henry Henken against Alice Monaghan and the Provident Association of Newtown. Judgment for defendant Monaghan was directed, and plaintiff appeals. Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

John Fleming, for appellant.

Benjamin W. Downing, for respondent.

BARNARD, P. J. The case shows that Henry Henken and his wife, Mary Henken, each at the same time became members of the Provident Association of Newtown, a benevolent association, incorporated under the laws of New York. Each appointed the other the beneficiary to receive the benefits in case of the death of the member. Mary Henken died early in the morning of March 21, 1891, and in the evening before, and late in the evening, she revoked the appointment of her husband as beneficiary, and substituted the defendant Alice Monaghan in his place. The question is whether there was any evidence to go to a jury as to the competency of the deceased to make this revocation. The evidence of incompetency was sufficient to go to the jury. The instrument changing the beneficiary was witnessed by the president and secretary of the association. The president asked the deceased if she knew Mr. Murphy, and she said she did. She was asked if she knew a Mr. Freemont, and she said she did not. The deceased stated that she wished to make the transfer to her sister by the same answer which she made to the two other questions,—"Yes." No other test of her capacity was made. The physician testifies against her capacity, and a Mrs. Schemp testified that in the morning of the day before the death of Mrs. Henken she did not recognize her,—an old acquaintance,—and would answer "Yes" to everything which was said to her. Mrs. Butzner, another old acquaintance, gave evidence tending to show total incapacity to understand anything which was said to her. The proof of the facts surrounding the execution of the paper is not very explicit. The deceased left a young daughter, and there is no reason why an understanding, capable mother deprived her of this little property,—all she had. The judgment should be reversed, and a new trial granted, costs to abide event.

DYKMAN, J., concurs.

PRATT, J., (concurring.) This is an appeal from an order made at circuit directing a verdict for defendant in an action to recover money upon a so-called life insurance policy, and to set aside a pretended appointment made to the respondent by the deceased beneficiary under the policy. The circumstances under which the appointment was obtained by the respondent made it a proper case to be submitted for determination by a jury. The plaintiff was absent from home, and his wife, the beneficiary, was so ill that she died a few hours after the appointment was executed. It also appeared that the respondent, who was a sister of the deceased, although living but a short distance, had not visited the deceased for about nine years, until three days before her

death.  It may well be that a jury might find that the deceased could not have been in her right mind when she executed the appointment, or that she, in her weak condition, yielded to undue influence exercised by the respondent.  This view is strengthened by the fact that the plaintiff paid all the assessments on his wife's policy, and he and his wife had each appointed the other beneficiaries under like policies.  The doctor who attended her testified she was in a very bad condition, and other witnesses state that during the last two days of her illness she did not speak, except to say "yes."  Under such circumstances, we think it was error to direct a verdict.

Judgment reversed, and new trial ordered, costs to abide event.